UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JENNY BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:12-CV-1207 (CEJ) |
| ) | |
| FEDCHEX, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion for class certification pursuant to Fed.R.Civ.P. 23. Defendants have not responded to the motion, and the time allowed for doing so has expired.

Plaintiff brings this action against defendants FedChex Recovery, LLC, and Universal Casualth Company, pursuant to the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227. The TCPA prohibits any person, including debt collection agencies, from calling cellular phones using autodialers or prerecorded messages without the called party's consent. Plaintiff alleges that Universal hired FedChex, a debt collection agency, to collect outstanding debts. Plaintiff further alleges that FedChex called plaintiff's cellular telephone without plaintiff's consent using an automatic telephone dialing system and an artificial or prerecorded voice, in violation of the TCPA.

Plaintiff seeks to bring this action on behalf of a class defined in her motion as follows:

> All persons with numbers in the area codes 314, 636, 573, 417, 816, and 660 or (b) [sic] who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), and on or before a date 20 days following the filing of this action, (c) defendants (or someone on their behalf) called using predictive dialing equipment (d) where defendants did not obtain the phone number called from the called party, with respect to the subject matter of the alleged debt being collected (for example, where

> the number was obtained through skip tracing or captured by the defendant's equipment from an inbound call, or defendants was [sic] calling a wrong number).

Subsequent to filing the motion for class certification, plaintiff filed an amended complaint which defines the purported class as follows:

> All persons nationwide whose cell phone either defendant called using an automatic telephone dialing system and/or artificial or prerecorded voice, to collect an alleged debt owed to Universal, where the phone number was obtained from some source other than from the called party, for example, where either defendant's records show that the number called reached the wrong person, was obtained through skip tracing, the Internet or captured by equipment from an inbound call.

Plaintiff did not file an amended motion for class certification.

Based on the amended complaint, it appears that the plaintiff intends to seek certification of a class that is significantly different from the class described in her motion.  Thus, the pending motion for class certification is moot.  In order to obtain certification of the class described in the amended complaint, plaintiff will have to file a new motion.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for class certification [Doc. #4] is **moot**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of February, 2013.